Michael D. O'Brien, OSB #951056
Theodore J Piteo, OSB# 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Of Attorneys for Turning Leaf Homes IV, LLC, Debtor-in-possession.

IN THE BANKRUPTCY COURT OF THE UNITED STATES

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 17-30353-tmb11 |
| Turning Leaf Homes IV, LLC | DEBTOR RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM STAY |
| Debtors-in-possession. | Hearing Requested |

Now comes Debtor, Turning Leaf Homes IV, LLC by and through its Counsel, Theodore J Piteo, and responds to the Motion for Relief from Stay filed by EWCP LTH FUND, LLC (Movant) through its attorney Robert S. Phed as follows:

### A. The Court lacks cause to lift the Automatic Stay

The Bankruptcy Code provides a procedure where any creditor may request that the automatic stay no longer apply to their claim or property of the Estate pursuant to 11 U.S.C. § 362(d). The Creditor then must elect which provision it relies upon to lift the stay. Id. However, if a Debtor demonstrates that the property of the Estate is necessary for an effective reorganization and/or that the property is adequately protected, then a court should not lift the automatic stay. 11 U.S.C. 362(d)(1), (2).

DEBTOR RESPONSE IN OPPOSITION TO MOTION FOR RELIEF
pg. 1

The property at issue in this case at 8025 SW Scholls Ferry Rd., Beaverton, OR 97008 (the Estate Property) is adequately protected and necessary for an effective reorganization. The Estate Property is currently insured against loss and the United States Trustee has received an ACCORD certificate and all relevant premiums are current. The Debtor testified at his 341(a) hearing that he had already begun renovating/repairing one of the units to improve the value of the collateral and make it ready to rent. Debtor also stands ready to make adequate protection payments to Movant and indicated their ability to do so in the Case Status Management Memo. See E-Doc#26. However, Debtor's schedules also demonstrate that the Estate Property is worth an estimated amount of $275,000. See Sch. A/B. The Movant's claim on the property is in the amount of $230,000, leaving an equity cushion of $45,000 to protect the Movant's interest. Simple interest accrual on a $230,000 claim at 4.75% equals $910.42 a month. With an equity cushion in the Estate Property of $45,000, the Movant will see no diminution of its claim for approximately 49 months. Movant is adequately protected, even without monthly adequate protection payments.

With the Debtor proposing to file a Plan of reorganization in approximately 90 days, considerable equity will be left in the Estate Property upon ratification of the Plan. That equity is necessary for the reorganization of the Debtor in performing its future Plan obligations and/or in paying unsecured creditors. Additionally, retention and redemption of the Estate Property will allow the Debtor to cash flow its obligations under the Plan, without a sale, by renting out the units with excess funds above any mortgage payment going towards paying unsecured creditors or funding other Plan obligations.

**B.  This Court should not reward self-help remedies in violation of the Automatic Stay**

Despite awareness of the operation of the Automatic Stay and prior to the filing of its Motion

for Relief, Movant locked Debtor out of the Estate Property after Debtor acquiesced to allow Movant to view the property and its condition. Now Movant indicates that, despite not filing a pre-petition eviction action and after alleging in its brief that it believes at least one of the units is being used by the Debtor, its claim in the Estate Property is not subject to the Automatic Stay. Movant only cites to 541(a)(1) for that proposition. In this instance, Debtor has indicated that it retains legal title to the property through its right of redemption and there is no dispute that Debtor is the owner of this right of redemption. Debtor also had physical possession of the property at the time of the filing. These are property rights. The exclusions at 541(b) do not apply in this case. As a result, the broad language of 541(a)(1) would sweep in all "legal or equitable interest of the debtor in property as of the commencement of the case" which would include its interest in the Estate Property.

The Debtor was surprised by the filing of this Motion as they had previously discussed providing Mr. Phed's client with adequate protection payments and Mr. Phed indicated that he would discuss the matter with his client and indicate an amount requested. This was before Movant locked Debtor out of the property. After the lockout, Movant sought to retain its illegal possession and seek post self-help ratification of its efforts. This Court should not reward the Movant for its actions.

### C. Conclusion

For the above reasons, Debtor requests that this court Deny the Motion filed by Movant.

////

////

////

////

DEBTOR RESPONSE IN OPPOSITION TO MOTION FOR RELIEF
pg. 3

Case 17-30353-tmb11    Doc 28    Filed 03/07/17

DATED this 7th Day of March, 2017.

Respectfully Submitted:

/s/ Theodore J. Piteo
Michael D. O'Brien, OSB# 951056
Theodore J. Piteo, OSB# 090311
Of Attorneys for Debtor-in-Possession

**DEBTOR RESPONSE IN OPPOSITION TO MOTION FOR RELIEF**
**pg. 4**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2017, I served the foregoing **Statement in Advance of Case Management Conference** on the following parties by mailing to each at the address below in a sealed envelope, with postage prepaid, and deposited in the United States Post Office:

NONE

Via Email Delivery:

    Turning Leaf Homes IV, LLC, Debtor

I further certify that the following person(s) will be served electronically when the foregoing document is filed with the court:

THEODORE J PITEO      enc@orbankruptcy.com

US Trustee, Portland      USTPRegion18.PL.ECF@usdoj.gov

JESSE A BAKER on behalf of Creditor Wells Fargo Bank, N.A.
ecforb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

ROBERT S PHED on behalf of Creditor EWCP LTH Fund, LLC
robert.phed@yahoo.com

      /s/Theodore J Piteo_____
      Michael D. O'Brien & Associates, P.C.
      Michael D. O'Brien, OSB #95105
      Theodore J. Piteo, OSB #090311
      Of Attorneys for Debtors