MARK G. PASSANNANTE, OSB # 944035
Attorney for Creditor EWCP LTH Fund, LLC
MarkPassannante@msn.com
ROBERT S. PHED, OSB # 06469
Of Counsel to Broer & Passannante, P.S.
Robert.phed@yahoo.com
BROER & PASSANNANTE, PS
1001 SW 5th Avenue, Suite 1220
Portland OR 97204
Phone: 503-294-0910
Fax: 503-243-2717

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: ) | Case No. 17-30353-tmb11 |
| ) | REPLY TO RESPONSE TO |
| TURNING LEAF HOMES IV, LLC ) | MOTION FOR RELIEF FROM |
| ) | AUTOMATIC STAY IN |
| Debtor ) | CH 11/ CREDITOR |
| ) | EWCP LTH FUND, LLC |
| _____ ) | |

Comes Creditor EWCP LTH FUND, LLC, hereinafter "EWCP" by and through its attorneys, Broer & Passannante, P.S. and Mark G. Passannante and hereby replies to Debtor's Response to its Motion for Relief from Automatic Stay as follows:

1.

Despite Debtor's assertion to the contrary, physical possession of the property at 8025 SW Scholls Ferry Road, Beaverton OR 97008 (Units A and B) was never the property of the estate. EWCP was the purchaser of the subject property at the Washington County Sheriff's Foreclosure Sale, which was conducted on February 2, 2017 and was entitled to possession of the property on 2/2/17 under ORS 18.946 as explained in the original Motion. The only property of the estate is the statutory right of redemption.

2.

Page 1 - CREDITOR EWCP LTH FUND, LLC REPLY

Debtor has conveniently avoided discussion of how it can possibly begin to perform remodel or other improvements on the property it is not entitled to possess. Debtor is trespassing on the Crefitor's property as of 2/2/17.

3.

Debtor cannot propose a viable plan of reorganization of the subject property. Debtor owns the property only in title and holds a statutory right of redemption for 180 days after the date of sale. Debtor had no right to legal possession of the subject property prior to the filing of the Ch. 11 Petition. If as Debtor says no tenant is on the property, it is the Creditor who has a right to determine the tenant and rent the property during redemption period, not Debtor. If Debtor has rented the subject property prior to filing the petition, then the Response is filed in bad faith. Those rents have not been tendered to the Creditor as required by ORS 18.946.

4.

Creditor did not violate an automatic stay because Creditor obtained possession of the key to the unit and placed the key in the lock box before bankruptcy was filed. Robbins Declaration. In the abundance of caution, until Creditor's motion could be determined, Creditor returned the key to Debtor upon counsel's request. Robbins Declaration. Creditor cannot violate a stay by exercising a right to possession of the premises. Such right is not a part of the bankruptcy estate, as such right belongs to the Creditor.

5.

Debtor also does not have a right to continue to receive rents from the premises. ORS 18.946 (2). Upon information and belief, Debtor continues to receive rent payments from the tenants in one of the units, despite claiming through its counsel that both units are vacant.

Page 2 - CREDITOR EWCP LTH FUND, LLC REPLY

Robbins Declaration.

6.

Debtor is attempting to extend the statutory right of redemption from 180 days to 49 months without citing any authority which allows the Federal Bankruptcy Court to overrule State law governing redemption of real property after judicial sale. Debtor does not have such authority. To the contrary, the Bankruptcy Stay does not extend the operation of the state law redemption periods. 11 USC § 108 (b); In re Petersen, 42 B.R. 39, 42 (1984)(in Ch. 11 context, citing to old one year Oregon redemption statute, now amended to 180 days, reasoning still applies); In re Rugroden, 481 B.R. 69 (2012)(in Ch. 13 context, Automatic Stay did not operate to toll the 180 day period for redemption). Therefore, on Wednesday, August 2, 2017, any interest remaining in the property that Debtor may have will expire by operation of State law and will cease to be a part of the bankruptcy estate at all. Creditor receives title on or after August 2, 2017.

7.

Debtor's reference to lack of agreement on adequate protection payments is ill taken. Adequate protection payments should include payment of the rents for both unit, whether the Debtor or the Debtor's renters are in possession. ORS 18.968. Any payments received by the Creditor if the Debtor redeems, will be accounted for under ORS 18.980. It is Creditor who has the right to possession and if Debtor wants to rent the property Debtor has a duty to tender rent since filing. ORS 18.946 (2).

8.

It is fundamental that payment of rent is the prerequisite of any physical possession of the premises by Debtor. ORS 18.946 (2). The fair market rate for the property for two units is $2,400.00 per month. Robbins Declaration. Thus any possession of the premises is conditioned

on payment of rent as a part of the adequate protection payments. None were offered so far. No rent was proposed to be included in such payments.

9.

If this Court decides to deny the relief from stay, this Court then should order Debtor to begin payment of the $2,400.00 going back to February 2, 2017 and $2,400 each month thereafter until redemption of August 1, 2017, whichever comes first because Creditor is entitled to such payments. Simply put, it's either possession to the Creditor or payment of rent by the Debtor if Debtor to remain in possession. Failure to so pay should entitle Creditor to immediate relief from stay and possession of the premises.

10.

Additionally, Creditor did not respond to Debtor's 'offer' of adequate protection payments because Debtor is acting in bad faith in that Debtor told creditor he had rented the premises but has kept the rent received from that tenant from the Creditor.

11.

Debtor's principal, Tracy Barton told Sean Robbins that Tracy rented one of the units before filing for bankruptcy to a 'stripper' who is paying Tracy $1,100.00 per month. This admission by the Debtor's principal does not square with the continued representations of Debtor's counsel that both units are vacant nor does it match EWCP' observations of the property.

12.

Based on the foregoing, Creditor EWCP requests that its Motion for Relief from Stay be granted.     Date: March 15, 2017

/s/ Mark G. Passannate

_____
MARK G. PASSANNANTE, OSB # 944035

Page 4 - CREDITOR EWCP LTH FUND, LLC REPLY
Case 17-30353-tmb11    Doc 38    Filed 03/15/17

CERTIFICATE OF SERVICE:

    I, Robert S. Phed, hereby certify that the preceding Creditor EWCP LTH Fund, LLC Reply to Response to Motion for Relief From Stay was served by ecf on all ecf participant parties entitled to service.

Date: March 15, 2017

/s/ Robert S. Phed

_____
ROBERT S. PHED, OSB # 064696
Of Counsel,
Attorney for Creditor EWCP LTH Fund, LLC
Broer & Passannante, P.S.
MARK G. PASSANNANTE, OSB # 944035
Of Attorney for Creditor EWCP LTH Fund, LLC
MarkPassannante@msn.com
503-294-0910

MARK G. PASSANNANTE, OSB # 944035
Attorney for Creditor EWCP LTH Fund, LLC
MarkPassannante@msn.com
ROBERT S. PHED, OSB # 06469
Of Counsel to Broer & Passannante, P.S.
Robert.phed@yahoo.com
BROER & PASSANNANTE, PS
1001 SW 5th Avenue, Suite 1220
Portland OR 97204
Phone: 503-294-0910
Fax: 503-243-2717

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>TURNING LEAF HOMES IV, LLC<br><br>Debtor | Case No. 17-30353-tmb11<br>SEAN ROBBINS'<br>DECLARATION IN SUPPORT OF<br>CREDITOR EWCP LTH FUND<br>MOTION FOR RELIEF FROM<br>STAY |

I, Sean Robbins, declare as follows:

1. I am one of the principals of Creditor EWCP LTH FUND, LLC, hereinafter "EWCP" and am familiar with the matters in front of this Court.

2. I am involved in the business of purchasing and turning around distressed properties and therefore I am familiar with the rental values in the Portland market.

3. EWCP purchased the property at 8025 SW Scholls Ferry Road, Beaverton OR 97008 (Units A and B) at the Washington County Sheriff's Foreclosure Sale, which was conducted on February 2, 2017.

4. EWCP was entitled to possession of the property on 2/2/17 under ORS 18.946 as explained in the original Motion.

Page 1 - SEAN ROBBINS' DECLARATION IN SUPPORT OF CREDITOR EWCP MOTION

5. Debtor is trespassing on the Crefitor's property as of 2/2/17. Debtor has not paid any rent or produced a rental agreement.

6. I obtained possession of the key to the unit on February 2nd, 2017 and placed the key in the lock box on February 2nd, 2017 before this bankruptcy was filed.

7. I returned the key to Debtor upon counsel's request on February 18th, 2017.

8. I believe, Debtor continues to receive rent payments from the tenants in one of the units, despite claiming through its counsel that both units are vacant.

9. I spoke with Debtor's principal Tracy Barton on February 2nd, 2017 and Tracy told me that he rented one of the units before filing for bankruptcy to a 'stripper' who is paying $1,100.00 per month in rent.

10. I believe the fair rental value of each unit is $1,200 per month.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Dated: March 14, 2017

_____
Sean Robbins, EWCP LTH FUND, LLC

CERTIFICATE OF SERVICE:

I, Robert S. Phed, hereby certify that the preceding Creditor EWCP LTH Fund, LLC Declaration in Support of its Motion for Relief From Stay was served by ecf on all ecf participant parties.

Date: March 14, 2017

/s/ Robert S. Phed

ROBERT S. PHED, OSB # 064696
Of Counsel,
Attorney for Creditor EWCP LTH Fund, LLC
Broer & Passannante, P.S.
MARK G. PASSANNANTE, OSB # 944035
Of Attorney for Creditor EWCP LTH Fund, LLC
MarkPassannante@msn.com
503-294-0910