MARK G. PASSANNANTE, OSB # 944035
Attorney for Creditor EWCP LTH Fund Oregon, LLC
MarkPassannante@msn.com
ROBERT S. PHED, OSB # 06469
Of Counsel to Broer & Passannante, P.S.
Robert.phed@yahoo.com
BROER & PASSANNANTE, PS
1001 SW 5th Avenue, Suite 1220
Portland OR 97204
Phone: 503-294-0910
Fax: 503-243-2717

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 17-30353-tmb11 |
| TURNING LEAF HOMES IV, LLC | RESPONSE TO MOTION FOR ORDER OF INSPECTION |
| Debtor | |

Comes Creditor EWCP LTH FUND, LLC, hereinafter "EWCP" by and through its attorneys, Broer & Passannante, P.S. and Mark G. Passannante and hereby responds to Debtor's Motion for Inspection. Debtor has not filed a plan of reorganization. Debtor stated in its statement in advance of case status conference that the real property at issue (8025 SW Scholls Ferry Road) was unoccupied. This statement was untrue. The property is a duplex. Debtor had rented one unit for a rental of $1,100.00. That tenant is still in possession of the property and has paid some rent to EWCP since it recovered possession of the property in April 2017. Debtor later claimed at the hearing on its motion for relief from stay that a tenant was in possession of this unit (Unit A), but had not paid rent. This too was not true. Debtor, debtor's counsel, creditor's counsel and a representative from the creditor were all present when the Tenant stated

Page 1 - EWCP LTH FUND, LLC RESPONSE TO MOTION FOR AN ORDER OF INSPECTION

to all that she paid rent to Debtor.

At the time, debtor was attempting to stay in possession of the real property and contended that EWCP LTH Fund, LLC should be entitled to no payments because equity in the property was sufficient protection. Undoubtedly, debtor would not have accounted for subsequent lease payments. Debtor has not accounted for the rent received prior to EWCP LTH Fund's obtaining possession of the premises. Debtor has unclean hands and should be denied inspection on this basis alone.

Debtor has not filed notice of intent to redeem nor a plan proposing that it intends to redeem the property. Debtor claims that it is marketing to sell its redemption rights. Debtor has cited to no legal authority that it has the right to access the property during the redemption period notwithstanding that EWCP LTH Fund is legally entitled to possession.

Debtor has failed to identify who wants to inspect the property, any offer it has in place for purchase of its redemption rights, nor served a notice of intent to redeem as required by ORS 18.970. State law outlines EWCP LTH Fund's rights and obligations in relation to redemption. ORS 18.971-72. That includes the right to object and the obligation to account if one is requested in the redemptioner's notice to redeem. The obligation does not arise until after notice of intent to redeem has been filed with the Sheriff and served on EWCP LTH Fund. In addition, those obligations do not include interrupting its tenants' right to quiet enjoyment so Debtor can hold an open house to unnamed third parties or granting any right of inspection of the property. EWCP LTH Fund has an obligation to prevent waste. ORS 18.983. Debtor has alleged no waste nor that the property has deteriorated nor any other compelling reason that may require inspection.

Debtor has no realistic prospect of redemption. Debtor has claimed that the property is worth $275,000.00. The first position lien that was foreclosed was for $303,741.00. <u>Debtor Statement</u>, page 5. There is a second position loan securing the property that was foreclosed for $72,500.00. <u>Id</u>. Redemption by Turning Leaf, successor to the mortgagor or judgment debtor, or its successor would revive both liens on the property. <u>ORS 18.952(2).</u> The redemption rights, by Debtor's own statement, are worthless. While redemption can be had by paying the amount paid at the foreclosure sale (plus 9% statutory interest), redemption by the judgment debtor or a successor in interest would revive liens on the property totaling $140,000.00 resulting in negative equity in the property of almost $95,000.00. Redemption by a junior lienholder has value because such redemption would not revive liens, but those rights have long since expired. <u>ORS 18.964</u>

Debtor's motion should be denied.

Date: June 13, 2017

/s/ Mark G. Passannate

_____
MARK G. PASSANNANTE, OSB # 944035

CERTIFICATE OF SERVICE:

I, Robert S. Phed, hereby certify that the preceding Creditor EWCP LTH Fund, LLC Response was served by ecf on all ecf participant parties.

Date: June 13, 2017

/s/ Robert S. Phed

_____
ROBERT S. PHED, OSB # 064696
Of Counsel,
Attorney for Creditor EWCP LTH Fund, LLC
Broer & Passannante, P.S.
MARK G. PASSANNANTE, OSB # 944035
Of Attorney for Creditor EWCP LTH Fund, LLC
MarkPassannante@msn.com
503-294-0910