Below is an Order of the Court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | ) Case No. 17-30353-tmb11 |
| | ) |
| Turning Leaf Homes IV, LLC, | ) **ORDER GRANTING MOTION TO** |
| | ) **ANNUL STAY AND VALIDATE SALE** |
| Debtor. | ) |
| | ) |

    This MATTER came before the Court on October 24, 2017 for Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1's ("Creditor") Motion to Annul Stay and Validate Sale filed with the court on September 12, 2017, Doc No. 95 ("Motion").

    For the reasons set forth on the record, good cause exists to grant the Motion and therefore the Court orders as follows:

    NOW, THEREFORE, IT IS HEREBY ORDERED that Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1's Motion is GRANTED with respect to the property located at 7582 North Burlington Avenue, Portland, OR 97203 ("Property");

    IT IS HEREBY FURTHER ORDERED that the automatic stay is annulled retroactively with respect to the Property; and,

IT IS HEREBY FURTHER ORDERED that the foreclosure sale held on February 13, 2017 is validated, said sale being referenced in the Exhibit 2 Trustee's Deed attached hereto, and Creditor may proceed to obtain possession of the Property pursuant to applicable nonbankruptcy law.

###

I hereby certify that I have complied with the requirements of LBR 9021-1(a)(2)(B).

Presented by:

/s/  Michael Scott
Michael Scott, OSB# 973947
McCarthy & Holthus, LLP
920 SW 3rd Ave., First Floor
Portland, OR 97204
Tel. 971.201.3200 / Fax. 971.201.3202
mscott@mccarthyholthus.com


Copies to:

Turning Leaf Homes IV, LLC
1701 SE Oak Shore Ln.
Portland, OR 97267

# EXHIBIT 1

Unit 7-5, MATTHEW FRANK CONDOMINIUM, SUPPLEMENTAL PLAT NO. 1: RECLASSIFICATION OF VARIABLE PROPERTY, A PORTION OF TRACT "A", in the City of Portland, County of Multnomah, and State of Oregon. TOGETHER WITH, an undivided interest in and to the general and limited common elements appertaining thereto as set forth in Declaration Recorded April 18, 2006 as Fee No. 2006-070788 and amended by instrument Recorded June 28, 2006 as Fee No. 2006-118487.

# EXHIBIT 2

Multnomah County Official Records
R Weldon, Deputy Clerk

2017-023686

02/23/2017 09:07:45 AM

1R-DTRUSTEE  Pgs=4 Stn=0 HOWELLA
$6.00 $20.00 $11.00 $20.00

$57.00

After recording return to:
Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

Until a change is requested all tax statements
Shall be sent to the following address:

Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

T.S. No.: OR-14-639615-NH
Title Order No.: ▮
True and Actual Consideration Paid is: $315,000.00
APN: ▮

Space above this line is for recorders use only

# TRUSTEE'S DEED UPON SALE

THIS INDENTURE, made 2/21/2017, between **Quality Loan Service Corporation of Washington**, (hereinafter "trustee"), and **Wells Fargo Bank, N.A., as Trustee, on behalf of SASCO Mortgage Loan Trust 2007-MLN1 Mortgage Pass-Through Certificates, Series 2007-MLN1** (hereinafter "the second party"):

**WITNESSETH:**

RECITALS:

NICOLE MARIE ADAMES, A UNMARRIED WOMAN, as grantor, executed and delivered to FIRST AMERICAN TITLE INSURANCE COMPANY OF OREGON, for the benefit of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR MORTGAGE LENDERS NETWORK USA, INC, as beneficiary, a trust deed dated 8/18/2006, duly recorded on 8/22/2006, as fee/ file/ instrument/ microfilm/ reception number 2006-156992 in the mortgage records of MULTNOMAH County, Oregon. The interest in the trust deed has since been transferred to the foreclosing entity the current beneficiary ("Current Beneficary"). In said trust deed, the real property therein and hereinafter described ("Property") was conveyed by the grantor to the trustee to secure, among other things, the performance of the grantor's obligations to the original beneficiary. The grantor thereafter defaulted in the performance of the obligations secured by the trust deed as stated in the notice of default hereinafter mentioned and such default still existed at the time of the sale hereinafter described.

Because of the default(s), the Current Beneficiary under the trust deed or its successor in interest declared all sums secured by the trust deed immediately due and owing; therefore a notice of default, containing an election to sell the Property and to foreclose the trust deed by advertisement and sale to satisfy grantor's obligations owed to the Current Beneficiary was recorded in the mortgage records of said county on 9/27/2016 as fee/ file/ instrument/ microfilm/ reception number 2016-120905.

First American Mortgage Solutions
As An Accommodation Only

1

After recording the Notice of Default and at least 120 days before the date the property was sold, a copy of the Notice of Sale and a copy of the Danger Notice required by ORS 86.756 were served by the trustee of record pursuant to ORCP 7D (2) and 7D (3) or mailed by both first class and certified mail with return receipt requested to the last known address of all required/interested parties in ORS 86.764. The undersigned trustee has no actual notice of any person, other than the persons named in said affidavits and proofs as having or claiming a lien on-or interest in said described real property, entitled to notice pursuant to ORS 86.764. The Notice of Sale was served upon the occupant of the property described in the trust deed pursuant to ORS 86.774(1). Pursuant to ORS 86.782(12), if the foreclosure proceedings were stayed and released from the stay, copies of an amended notice of sale were mailed by registered or certified mail to the last-known address of the persons listed in ORS 86.764 and 86.774(1), and all other persons required to receive the notice. Further, pursuant to ORS 86.774(2) a copy of the notice of sale was published in a newspaper of general circulation in each of the counties where the property is located, once a week for four successive weeks, the last publication occurred at least 20 days prior to the date of the sale. An affidavit of mailing of the Notice of Sale (if any), an affidavit of service (if any), an affidavit of service attempts and posting (if any), and an affidavit of publication were recorded in the county on or before the date of the trustee's sale, pursuant to ORS 86.774(3).

Pursuant to the notice of sale, and any notice of postponement and/or amended notice of sale, the undersigned trustee on **2/13/2017** at the hour of **10:00 AM**, in accord with the standard of time established by ORS 187.110, and at the place so fixed for sale, in full accordance with the laws of the State of Oregon and pursuant to the powers conferred upon the trustee by said trust deed, sold the Property in one parcel at public auction to the Current Beneficiary for the sum of **$315,000.00**, being the highest and best bidder at the sale. The true and actual consideration paid for this transfer is the sum of **$315,000.00**.

NOW THEREFORE, in consideration of the sum paid by the Current Beneficiary in a credit bid, the receipt of which is acknowledged, and by the authority vested in the trustee by the laws of the State of Oregon and by the trust deed, the trustee, under direction of the Current Beneficiary as the winning bidder, does hereby convey unto the second party all interest the grantor had or had the power to convey at the time of the grantor's execution of the trust deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the deed in and to the following described real property, to-wit:

UNIT 7-5, MATTHEW FRANK CONDOMINIUM, SUPPLEMENTAL PLAT NO. 1: RECLASSIFICATION OF VARIABLE PROPERTY, A PORTION OF TRACT "A", IN THE CITY OF PORTLAND, COUNTY OF MULTNOMAH, AND STATE OF OREGON. TOGETHER WITH, AN UNDIVIDED INTEREST IN AND TO THE GENERAL AND LIMITED COMMON ELEMENTS APPERTAINING THERETO AS SET FORTH IN DECLARATION RECORDED APRIL 18, 2006 AS FEE NO. 2006-070788 AND AMENDED BY INSTRUMENT RECORDED JUNE 28, 2006 AS FEE NO. 2006-118487.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, the second party understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the current Trustee made no representations to the second party concerning the Property and that the current Trustee owed no duty to make disclosures to the second party concerning the Property, the second party relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007,

2

AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010. THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.

IN WITNESS WHEREOF, the undersigned trustee has hereunto set his hand; if the undersigned is a corporation, it has caused its corporate name to be signed and its corporate seal to be affixed hereunto by its officers duly authorized thereunto by order of its Board of Directors.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: OR-14-639615-NH

Date: 2/21/17

Quality Loan Service Corporation of Washington

By: Janice Stavee, Assistant Secretary

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: Washington )
County of: King )

On 2-21-17 before me, Meron Semere a notary public, personally appeared Janice Stavee, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of Washington that the foregoing paragraph is true and correct.

WITNESS my hand and official seal. (Seal)

Signature Meron Semere

MERON SEMERE
Notary Public
State of Washington
My Appointment Expires Jul 15, 2020

4